www.LockheedMartin.com Good morning. We have three cases this morning to be argued and the first is number 10-4078, Commonwealth of Pennsylvania v. Lockheed Martin Corporation. Mr. Murphy and Ms. Hummel, come on up. Please record. My name is Michael Murphy. You may have to put that a little more in front of you and maybe if you want to put it down a little bit just so that we make sure we get it all recorded. Is that good? Yes, sir. My name is Michael Murphy and I'm counsel for the appellate Lockheed Martin Corporation. And how much time do you wish to reserve? I'll give you five minutes for rebuttal. That's fine. The district court erred in this case by dismissing Lockheed Martin's third-party contribution claims against the Commonwealth generally and the Department of Conservation and Natural Resources specifically on Eleventh Amendment grounds. It is well accepted that a state can waive its Eleventh Amendment immunity by submitting itself to a federal court's jurisdiction. Here, P.A.D.E.P. Let me ask you a question. If the Commonwealth stipulates that Lockheed Martin can recoup costs from all state actors through its counterclaim against D.E.P., in effect, the claims against the other parties that you have here, be it the Commonwealth or the other state organization, is this case moot? Excuse me? Is this case then moot if they stipulate that? I think a couple of different thoughts on that. I think the problem for this court is that you have a district court opinion that was based on arguments by the Commonwealth below that Lockheed Martin could not offset based upon the activities of non-P.A.D.E.P. agencies in the Commonwealth in its lawsuit below. The federal court, I mean, I'm sorry, the district court below also said that what was Let me give you an example to try to make my point. Let's say hypothetically that the Guahana facility costs $20 million to clean up. And somebody says that Lockheed Martin is responsible for 12 of it, that D.E.P. is responsible for 5 of it, and some other state agency is responsible for 3. Under your view, you owe 12 million. You recoup, you pay out the 20, or you recoup the 5 million, and you also have the third party claim for 3. So it's 20 less 8. Under the Commonwealth's view, it seems like it's still 12 million because you're recouping 8 million through your counterclaim. The D.E.P. assumes the 3 million owed by its non-D.E.P. agencies because under state law, D.E.P. is the only agency that can respond. So if you end up in net 12, net 12, with respect to at least the Commonwealth, is there really any argument at the end? I don't think Lockheed Martin cares whether it's a third party claim or a counterclaim. As long as the court makes clear that that's the result. Well, hasn't the Commonwealth of Pennsylvania really conceded in its brief that, so I mean, It has. So what are we doing here? I agree, Your Honor. That's sort of what I was trying to say. Yes, yes. And if they had conceded that earlier, if they had conceded that in the district court, either in response to our counterclaim, when they first had the opportunity to concede that, and they claimed that they were separate legal entities, in response to our initial, in their initial motion to dismiss, they said no, we're all separate agencies. That's true, but the landscape has changed now. I agree. Should we send it back with this new fact and have the district court deal with it in the first instance? You can. I mean, the problem, again, you have a district court opinion from the Middle District of Pennsylvania saying the 11th Amendment prohibits these third party claims. You have a court, which is the Gloucester Environmental, from the District Court of New Jersey. Yeah, I mean, clearly under the district court analysis, you end up having to pay $15 million because the $3 million from the other agencies, you can't, it's being dismissed because they have qualified immunity. But again, the Commonwealth is conceding that, and so, sort of like the old Marv Thornberry thing in the Miller Little Light commercial, I don't know what I'm doing in this commercial. Agree, agree. And we agree. When we got the Commonwealth's appellate brief in this decision, it was sort of like, if this had only come earlier, we wouldn't be up here, and that's to be honest. You had to appeal. There's no doubt about it. I understand. And if the court makes that clear in its ruling or sends it back, Lockheed Martin wants to be able to reduce its liability based on the activities of the other Commonwealth agencies and instrumentalities in response to the PADB's decision, and if that happens, we're fine. Maybe we ought to hear from the Commonwealth. Yeah, I would just, you just took the words out of my mouth. No problem. We had a spill of water, but at least there's water up here. Defective cup. We're going to sue. That's always my excuse, but no one buys it. All right. Thanks. It's fine. It's fine. Hey, at least it wasn't coffee. That's true. That's good. Thank you. Does Linda get extra pay for this? So, unless Mr. or Judge Chigares has any further questions, why don't we hear from the Commonwealth on this? Thank you very much. Go ahead. May it please the Court, my name is Kimberly Hummel, and I represent the Commonwealth of Pennsylvania and the Department of Conservation and Natural Resources in this matter. This appeal is really about whether DC&R can be added, made an additional party to this, the case below, brought by DEP on behalf of the Commonwealth against Lockheed. You're absolutely right in that, opposed to what Attorney Murphy has said, the Commonwealth has never taken the position that Lockheed could not raise whatever defenses it felt was appropriate against the Commonwealth. DEP is the agency authorized under state law to bring this matter. Just so I understand your position, I think what you're saying is the money is the same, but how you go about analyzing getting to the $12 million may be a little different. Is it your position that any recoupment claim that Lockheed Martin has against any state actor in the Commonwealth can be recouped through its counterclaim against DEP? Arising from this transaction. Or this incident. It can be raised, certainly. The one important point that I want to make is that the state still has retained its immunity liability here and is not waiving that. So in raising those defenses, there still may be issues with sovereign immunity involved here, which haven't been addressed yet. That will remain to be seen. If we decide that in bringing this action, DEP waived the Commonwealth of Pennsylvania's entity or just DEP? Well, there's two distinctions here that need to be made. When you say waived its immunity, by filing this action in federal court, DEP clearly has invoked the federal court's jurisdiction to hear this matter. And in order to hear the matter, the court has to be able to consider Lockheed's defenses. So when you're talking immunity to suit in federal court, yes. And Lockheed's defenses against all entities of the Commonwealth of Pennsylvania? They can be raised. But the Commonwealth has not waived its immunity to liabilities. But you have waived its waiver by litigation with respect to DEP. Why is it not waiver by litigation with respect to the Commonwealth and the other state agency? If you're saying that, in effect, DEP is going to be responsible for that anyway, I mean, in one sense, Lockheed Martin really doesn't care, as long as they end up with the same dollars. But for our purposes, the question is, if you waive by litigation sovereign immunity as to a Commonwealth entity, why don't you waive by litigation the sovereign immunity with respect to other Commonwealth entities that are involved with regard to this particular series of incidents? In terms of the district court's ability to hear that defense, to consider owner-operator, I mean, the issue here is owner-operator liability. The Commonwealth owned the site. Lockheed has asserted that the Commonwealth, other agencies operated the site. The district court's ability to consider those issues in a defensive mode, it can do that to offset what DEP is seeking to recover from Lockheed. But it's important to understand that the district court, in considering those defenses, still will need to contend with the Commonwealth's immunity to liability under state law. But that's not before us. That's right. I just want to make it clear, because there's been a lot of confusion here, and you're right, that is not before you. But it's important to the Commonwealth to make sure of that. It appears that you've changed course since district court. Or are you saying your position has always been that the Commonwealth is a real party in interest? That has always been. DEP, the Commonwealth, as you know, acts through its executive agencies. DEP is the agency that was authorized to do the cleanup in this case. DEP is the agency of the Commonwealth that's authorized to try to recover those costs. Of course the Commonwealth is the real party in interest. Quite frankly, that seemed obvious to us. And the issue that now, for the first time, we're saying that it is the real party in interest. But what happened in the district court, by virtue of you claiming sovereign immunity with respect to the other two entities, it possibly costs, or it would cost, Lockheed Martin, under my hypothetical, $3 million. If afterwards you agree that, to the extent there's recoupment, it can be up to $8 million in my hypothetical, wouldn't the easy thing for you to do in order possibly to avoid having a decision on the issue that you may not want a decision on is to settle up with them and ask the district court to vacate its opinion? In effect, you've settled. At least this issue. We don't want the district court to vacate its opinion. We are firm that Lockheed, it is not appropriate for Lockheed to file a third-party complaint against the Commonwealth and Department of Conservation and Natural Resources seeking an affirmative judgment. The way to do it is through its defenses and its defensive claims, counterclaims. But how do they bring in the Commonwealth? How do they bring in other agencies if other agencies might be on the hook? They have already alleged. DEP can deal with this. The Office of General Counsel is the office that's representing the Commonwealth here. The Office of General Counsel attorneys are representing DEP.  We represent the Commonwealth. We can represent, we can deal, DEP can deal with issues of owner and operator liability that DEP, that Lockheed. What you're saying is helpful, but it's not what the district court's opinion said. The district court said that Lockheed cannot bring a separate action against the Commonwealth and DCNR for a judgment that is far different than simply recouping whatever liability the Commonwealth may have and reducing the judgment that the Commonwealth through DEP may get. Why isn't Judge Simandl's opinion about 15, 16 years ago in Gloucester Environmental the way we should go here? In Gloucester Environmental, Judge Simandl in that case indicates and I have not looked at the pleadings and the details. I only have his opinion. No, the Jersey DEP sued a group of industrial defendants. No, I understand the facts of the case, but he says in that case that he considered it to be recoupment, that what the third-party plaintiffs were seeking in that case, he agreed it was recoupment. But he also said that the hospitals, the state colleges and state hospitals could assert immunity only because they were for all intents and purposes the state. Well, the state hospitals could. He actually found that the colleges were not, in fact, the state and were on their own. So it was only the state hospitals that he found could be a part of the, you know. What he said was they cannot in the next breath argue in effect that they are not the same state which filed the suit in the first place. But he found at the end of that opinion that what the third-party plaintiffs were really seeking was recoupment. And Judge Rambo in this case has not found that. And quite frankly, I believe she was correct. There is no way that a third-party complaint seeking a judgment is defensive. It simply is not. It is an affirmative action seeking a judgment. It is not. How is it really different from the counterclaim? As a practical matter, Judge, it's probably not different. You know, you're doing the math and you're right. The end result could be the same. But the issue here is state sovereignty. Actually, his question goes further than that. It's not just the math in terms of where you end up in terms of the amount that Lockheed Martin owes. But if it's all coming from, in effect, the same commonwealth pot, why aren't all the commonwealth entities that are involved in this, including the commonwealth itself, really part of the same whole that, in effect, by litigation has waived sovereign immunity? It's not all coming from the same commonwealth pot. And that actually is a very important issue here. The agencies have distinct and separate budgets. DEP's recovery of its claim, what it's seeking to do, will go to DEP. But isn't this kind of a shell game then? I mean, on the one hand, you're saying it's all coming out of the same pot. On the other hand, you've got to come out of the right pocket in order to be recovered. That's why they filed the third-party case, right? I understand that. And I'm not saying it's not confusing. You're saying it's unnecessary on the one hand. On the other hand, you're saying you have to. It's unnecessary because the only thing Lockheed can do is reduce the claim the commonwealth is making to recover its costs. Lockheed cannot get a separate judgment against a commonwealth agency. That's the distinction. That's the issue. And it's fundamental. Can the commonwealth reduce, can Lockheed reduce its liability to the commonwealth by the actions of other Pennsylvania entities that caused the environmental damage here? To the extent Lockheed, yes. Lockheed can raise those defenses, raise those issues of liability to the extent the district court finds that, in fact, there is real liability associated with that. There's no immunity to liability of those claims. Yes, the court can consider that and reduce the judgment against Lockheed. And that's across the board for Pennsylvania entities involved in what transpired at this site? Yes. Well, now, does Lockheed really need more than that? I'm not sure. We can hear from them. But it sounds to me like that should be sufficient. How do you deal with the Lapides Supreme Court decision? That seems to be following the same thought process that you had in Gloucester Environmental. Well, first of all, Lapides is, as you know, a removal case. Correct. It was, you know, the state was in a defensive posture that was sued in state court, state law claims, removed the case. And removal makes you qualify under waiver by litigation. Right. But all that could happen then is that the federal court then had jurisdiction to hear the state law claims, which it wouldn't have otherwise had. There was no third-party actor brought into that. You know, it's helpful as far as it goes, but this issue is really something beyond that. Because then it would be as if Ben Lapides filed a third-party complaint against somebody else and attempted to bring them into the case. It's that aspect of this that's problematic. But the court makes the point that Judge Chigueras made, that it would be inconsistent for a state both to invoke federal jurisdiction, in this case by removal, and then to claim that there is 11th Amendment immunity. The state is, the state fully expects the district court to hear this claim and to hear Lapides' defenses to reduce the judgment against it. It's the distinction between, that is what the court fully has jurisdiction to do. That does not, the waiver is limited, however. And you know all of this U.S. Supreme Court cases have clearly articulated the importance of state sovereign immunity, and that waiver has to be narrowly construed. And what we're saying in this case is that waiver does not extend to Lapides being able to bring a separate complaint against a separate agency and seek an affirmative judgment against that agency. And there's no need for it in this case, because it can do everything it needs to do in terms of the defenses it raises to the claims made by the Department of Environmental Protection in the original complaint. But you're nervous about having something in writing that would appear to extend that liability. Is that what you're trying to say? I'm concerned that there's some notion that that waiver is broader. Is affirmative as opposed to defensive. Right. One, that, right, we don't want the waiver to be construed more broadly than it is. Exactly. And that's the key issue. And it's an important issue for the Commonwealth. Does the, our decision in Lombardo, which talks about a distinction between suit versus liability. Exactly. That's a very important case for us. How would that play out in this particular circumstance? In this particular circumstance, how that would play out, as I said before, is if Lockheed can't bring its third-party complaint, because that extends the waiver of the federal court's jurisdiction beyond what we've agreed to. That's the first part, the federal court's jurisdiction. The second part, which Lombardo clearly articulates, is the state's immunity to liability. So when the district court, when this goes back to the district court, the case proceeds, Lockheed raises its defenses for all of the state actors. The state is going to argue that it, as a sovereign, still has immunity to liability under various things, including CERCLA, you know. I mean, there's going to be arguments made at that point. And the state has not waived those. The federal court is simply doing the same thing that the state court would do if it was hearing this issue. And the state's sovereign immunity to liability is still intact. It has not been waived. So that is another important piece of this, that the Commonwealth, it's important that everyone here, you know, that we think it's important that Lockheed understand that. And it's true. The district court didn't really, it's not really an issue that's before the court at this point, but it also is an important piece of this discussion. Any further questions? Thank you very much. Thank you. Get Mr. Murphy back on rebuttal. I'd like to start first with the notion that we have, are seeking an affirmative judgment from the Commonwealth here. What we did in our third-party complaints was file contribution actions, both under CERCLA and under the State Hazardous Site Cleanup Act, HISCA. That's the state analog of CERCLA. It sort of mirrors the federal law on that. The state actually has waived immunity under state HISCA for contribution in this case. So the whole idea of whether they still have sovereign immunity or not will be a question under HISCA, which is a state law, as I said, CERCLA. Under both, though, the Section 13 cause of action we're bringing is entirely derivative of their cause of action. We have not incurred response costs at this site. There's no possible way we could ever allege an affirmative judgment or get an affirmative judgment against any of these state agencies. They've got to succeed on their Section 107A claim, right? If they succeed on their Section 107A claim, we will just be able to reduce whatever they get against us back. I mean, Section 113 doesn't exist by itself. It exists as a derivative nature of the 107. What is your analysis of how we should treat Judge Chigares' authored, the Lombardo opinion, where there is a distinction between liability and suit? How does that play out here? Well, again, I think that the two-pronged approach, right? You have the 11th Amendment issue, which we've been discussing here, and I think here the court, I mean, the state clearly waived its 11th Amendment immunity when it sought money from Lockheed Martin and federal court. But what they're saying is they sought money through DEP. They didn't seek money through DCNR or the Commonwealth. Yes, but, I mean, you have to think about the Lapidus decision and other federal law opinions here that say, you know, the state is a real party of interest here. These agencies only have sovereign immunity through the state. The Constitution does not grant individual state agencies sovereign immunity. It grants the state sovereign immunity. So thus, if one of the agents of the Commonwealth waived the Commonwealth's immunity, the other agencies here can't maintain or hide behind that immunity. I mean, it's a fundamental issue of fairness. Your adversary pointed out, I believe, if I've got her argument right, I mean, isn't the counterclaim enough? Aren't you covered? Again, she says they haven't changed her position in this matter, but in the case below, they argued that we could not use our counterclaim. They said there's no offset on the basis of other agencies' actions at this site. But you heard what she said here today, and you could live with that, right? I could as long as this court makes clear that the district court opinion does not stand for that. Remember, Lockheed Martin tried to reach that result below. After Judge Rambo issued her opinion, we went in with a motion for clarification saying, your dismissal does not dismiss for good the Commonwealth and these other agencies. It only was a procedural issue because you thought we could get our relief in both forums. The Commonwealth opposed that, saying, no, no, they can't offset. And the district court appeared to agree with that. So right now we have an opinion by the district court saying that you only have a counterclaim against P-A-D-E-P, and she said that, P-A-D-E-P. She didn't say other parties. So again, Lockheed Martin is just looking for a clear direction from the court, and we don't care whether it's a counterclaim. Your counterclaim extends to all Commonwealth agencies and the Commonwealth itself. That the Commonwealth had waived its sovereign immunity to all, if it arises from the same transaction occurrence, that it seeks the same monetary relief and is defensive in the nature of recruitment. It can't say that for P-A-D-E-P and also not say that for its other agencies. It just seems to me that the Supreme Court and Lapidus and the Gloucester Environmental Court recognize that same thing here, is that the state owns the sovereign immunity. I'm sorry, the Eleventh Amendment immunity, not to confuse. And the question to sovereign immunity, the second part of Lombardo that Judge Ambrose asked about earlier, that will be dealt with. But again, we brought a claim under the state HSCA part of the state law here, and I think that the state has waived its sovereign immunity under HSCA for these types of claims. And so we will deal with that, but I think it's already been dealt with below. Thank you very much. Thank you both, counsel, for well-presented and well-argued arguments. We would ask if you could confer with the clerk's office afterwards and have a transcript ordered of this oral argument. And thank you for a job well done, both of you. Thank you. We'll take the matter under advisement and call the next case.